People v Ramos (2021 NY Slip Op 06052)





People v Ramos


2021 NY Slip Op 06052


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Ind No. 3352/84 Appeal No. 14540 Case No. 2020-02949 

[*1]The People of the State of New York, Respondent,
v
Carlos Ramos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert L. Myers of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 15, 2020, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors argued by defendant included the isolated nature of the sex offense and the fact that it occurred over 35 years ago. However, the Risk Assessment Instrument already factored in his history of sex offenses, so it is not a factor that is not "adequately taken into account by the" SORA Risk Assessment Guidelines (id.). Further, any mitigating factors offered by defendant were outweighed by the seriousness of the underlying offense against a seven-year-old child, as well as defendant's extensive criminal history. Furthermore, defendant has provided little evidence of his claimed mitigating factors that would corroborate assertions by himself or his attorney. In particular, defendant has not demonstrated that his age and health problems would reduce his likelihood of re-offense to such an extent that a downward departure is warranted (see e.g. People v Medina, 189 AD3d 588 [1st Dept 2020], lv denied 36 NY3d 913 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021